FOSTER, Secretary of the Treasury, v. VOCKE et al.

(Circuit Court, D. Maryland. March 20, 1894.)

CUSTOMS DUTIES—APPEAL FROM BOARD OF APPRAISERS—WHEN LIES.

An appeal from a decision of the board of general appraisers sustaining the claim of the importer of burlaps for a deduction of the excess weight

caused by the goods being wet, is not an appeal from a decision "respecting the classification of such merchandise, and the rate of duty imposed thereon under such classification," within Act June 10, 1890, giving jurisdiction to the circuit court.

At Law. Appeal by Charles Foster, secretary of the treasury, from the decision of the United States board of general appraisers in favor of Claas Vocke & Co., importers.

John T. Ensoe, U. S. Dist. Atty., for appellant.
Brown & Brune, for appellees.

MORRIS, District Judge. Claas Vocke & Co. imported into the port of Baltimore 13 bales of burlaps per steamship Schiedam, which arrived and were entered November 10, 1891, and on November 14th the importers withdrew the entire importation for consumption. The merchandise, being burlaps, was dutiable at 1⅝ cents per pound. The appraiser, in his report on the invoice, dated November 13, 1891, stated: "Upon examination of the goods as above, we find they were damaged by water during the voyage, and would recommend that the invoice weight be accepted." On November 24th, the official return of the weights having been filed with the liquidating officer on the day before (November 23, 1891), the entry was liquidated, and the importers were notified of the excess of weight over the invoice weight, and the consequent increase of duty. On November 30th the importers paid the whole duty exacted, and on the same day filed their written protest, claiming that, as the bales were soaked with water, the weight was greatly increased. They claimed that the goods were not damaged, as the water would soon dry out, and then the goods would be merchantable as sound goods; but protested against paying duty on the weight of the water, which they showed was in some bales as much as 134 pounds per bale in excess of the ordinary dry weight. The collector, while conceding that the facts were as claimed by the importers, and that, if they had pursued their proper remedy, relief should have been and would have been granted, refused to allow any abatement, because by article 602 of the customs regulations of 1884, prescribed by the secretary of the treasury, it was provided that no abatement of duties on merchandise on account of increased weight, caused by accidental and unusual leakage or shipment of water on the voyage of importation, would be allowed unless due application in writing for such allowance, with oath of applicant, should be lodged in the customhouse within 10 working days after the landing of the goods. Upon appeal by the importers to the board of general appraisers, it was decided by them that it was sufficient that the importers had complied with the provisions of section 14 of the customs administrative act of June 10, 1890, and that they were not barred from relief by article 602 of the regulations of 1884; and they sustained the claim of the importers that the duty should be computed upon the actual weight as stated in the invoice. This appeal is from that decision of the board of general appraisers.

It is very obvious that by the act of June 10, 1890, congress did not intend to give to the circuit courts jurisdiction to re-examine and decide all the questions which might be appealed from the decision of the collector to the board of general appraisers. An appeal may be taken from the collector to the board of appraisers "as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character." An appeal from the board of appraisers to the circuit courts may be taken "as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification." The circuit court is given jurisdiction "to hear and determine the questions of law and fact involved in such decision respecting the classification of such merchandise and the rate of duty imposed thereon under such classification." It is obvious that the present appeal is not from any decision respecting the classification of the goods as burlaps, or the rate of duty imposed thereon under the classification. It is conceded that the goods are properly classified as burlaps, and that the rate of duty is properly $1\frac{5}{8}$ cents per pound. The only question is as to the actual weight of the goods on which the duty is to be computed. This is not a question of law or of fact respecting the classification. It is a question of ascertaining the actual weight of the goods imported. Passavant v. U. S., 148 U. S. 214–219, 13 Sup. Ct. 572; In re Klingenberg, 57 Fed. 195. In my judgment, this is not a question which the circuit court is given jurisdiction to hear and determine, and the appeal must be dismissed.